IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAQUATE SIMPSON,<br><br>Plaintiff,<br><br>v.<br><br>DET. MAURICE MCPHATTER, and CITY OF GREENSBORO,<br><br>Defendant. | 1:25-CV-766-DAB-JEP |

**ORDER**

This matter is before the Court on Jaquate Simpson's civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Honorable Joi Elizabeth Peake recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *Recommendation of United States Magistrate Judge*, D.E. 9. Simpson filed four objections to the Recommendation. *Objections to Recommended Ruling*, D.E. 11. Simpson concurrently filed an Amended Complaint against the City of Greensboro and Maurice McPhatter without asking the Court for leave to amend. *Amended Complaint*, D.E. 12. Having reviewed and considered the parties' briefs, the record, and the applicable authority, the Court finds that Simpson's objections lack merit. The Court will adopt the magistrate's decision and dismiss the action for failure to state a claim.

**LEGAL STANDARD**

Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The factual allegations must "raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Evans v. United States*, 105 F.4th 606, 616 (4th Cir. 2024) (quoting *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020)). The "court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023) (internal quotation marks and citation omitted). But it "need not accept as true a complaint's legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments." *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (internal quotation marks and citation omitted). Courts may also consider documents incorporated into the complaint by reference, matters subject to judicial notice, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024) (internal quotation marks and citation omitted).

Pro se pleadings must "be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotation marks and citation omitted). Liberal construction, however, "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Nor does it "transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotation marks and citation omitted). A pro se plaintiff must still "allege sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *King*, 825 F.3d at 225 (internal quotation marks and citation omitted).

## DISCUSSION

Simpson makes four objections to the Recommendation's conclusions. He objects to: (1) the finding that the Complaint fails to state a claim against Detective McPhatter, (2) the conclusion that his allegations fail to support a plausible inference of bad faith, (3) the conclusion that *Monell* liability does not accrue against the City of Greensboro, and (4) the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) to this case.

Simpson's objections are unpersuasive. As an initial matter, the facts cited by Simpson in his objections as support for his claim come from the record of his criminal prosecution. They are not included within the pleadings of this case. When

considering dismissal for failure to state a claim, district courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint. *See Spencer v. Glaser*, 185 F.4th 95, 101 (4th Cir. 2026). "Materials 'beyond the complaint' and its attachments are ordinarily off limits." *Id.* (quoting *Bermeo v. Andis*, 163 F.4th 87, 93 (4th Cir. 2025)). Facts found in the record of a separate case, then, cannot be relied upon when attempting to state a claim.

Even if they were, however, the Recommendation would still correctly assess that Simpson has failed to state a claim against McPhatter. The Complaint merely states in conclusory fashion that McPhatter failed to preserve data or caused its destruction. And even if the Court considered extraneous evidence such as that presented by Simpson in his Objections, he would still not plead sufficient facts to plausibly claim that Simpson destroyed the device-location evidence. (D.E. 11).

As for Simpson's objections to the Recommendation's determination that he did not plausibly plead bad faith, the Court finds that the Recommendation correctly explained the *Arizona v. Youngblood*, 488 U.S. 51 (1988), standard and correctly determined that Simpson did not plausibly plead an inference of bad faith. Moreover, Simpson's objection never claims that the facts show bad faith. (D.E. 11 at 4–9). He admits that the August 2022 discovery that the data was missing does not establish bad faith and never raises any alternative arguments in favor of bad faith. (*Id.*).

On *Monell* liability, Simpson seeks further "factual development concerning the City's preservation practices and whether those practices contributed to the loss of [his] GPS evidence." (*Id*. at 10). He does not plead the existence of an official policy or custom in his complaint, nor does he establish how that policy or custom proximately caused the deprivation of one of his constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). He has not even articulated a harm. Apparently, he just seeks information. That does not plausibly plead a claim for relief under *Monell*.

The Court also reviewed the Recommendation's application of *Heck,* 512 U.S. at 486–87, and found no error.

In light of the foregoing, Simpson's objections are overruled. As for Simpson's attempt to file an amended complaint, Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend a complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. Rule 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Id*. As such, the Court denies

Simpson leave to file an amended complaint. Simpson may file his amended complaint as a new case.

## CONCLUSION

Accordingly, it is ORDERED that the Magistrate Judge's Recommendation, *8/10/2026 Memorandum Opinion and Recommendation*, is ADOPTED. This action is DISMISSED WITHOUT PREJUDICE.

A Judgment will be entered contemporaneously with this Order.

This the 9th day of September, 2026.

*/s/ David A. Bragdon*
United States District Judge